UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Pamela Haenelt | § | |
| v. | § | 4:20-cv-2650 |
| Carrington Mortgage Services, LLC | § | |

**DEFENDANT CARRINGTON'S REPLY SUPPORTING
SUMMARY JUDGMENT MOTION**

Ms. Haenelt's summary judgment response proves no fact issues exist. She failed to respond to Carrington's quiet title argument and her response presents nothing more than conclusory statements a fact issue exists regarding Carrington's abandonment. She also claims entitlement to a new default notice prior to the 2016 acceleration but overlooks the repayment plan's express terms providing a new notice was not required.

## I.    ARGUMENT & AUTHORITIES

**A.  Court should consider Carrington's properly supported facts are deemed admitted.**

Ms. Haenelt failed to respond to Carrington's quiet title argument. (Doc. 23 at 12-14.) The court should find no genuine dispute exists regarding this claim. *See Ramirez v. Walmart, Inc.*, No. 4:19-CV-4356, 2021 WL 2766400, at *4 (S.D. Tex. Apr. 8, 2021) ("Plaintiff failed to respond to Defendant's *res ipsa loquitor* argument in any fashion, and therefore the court does not find a genuine dispute.").

**B.  Ms. Haenelt's summary judgment response is conclusory.**

Assuming, but not conceding, the loan was properly accelerated in 2014, Ms. Haenelt asserts nothing more than conclusory statements a fact issue exists as to Carrington's abandonment. She does not address how the monthly statements fail to constitute abandonment evidence, seemingly arguing they cannot because Carrington did not send a formal notice rescinding acceleration until 2020. (*See* dkt. 27 ¶ 10.) Ms. Haenelt misunderstands rescission and

abandonment. A rescission letter is only one way a lender can stop the limitations clock. *See* Tex. Civ. Prac. & Rem. Code § 16.038(e). A lender may also stop the clock through its conduct, such as by putting the borrower on notice of abandonment by requesting payment on less than the accelerated amount. *Ocwen Loan Servicing, L.L.C. v. REOAM, L.L.C.*, 755 F. App'x. 354, 356 (5th Cir. 2018); *Sexton v. Deutsche Bank Nat'l Tr. Co. for GSAMP Tr. 2007-FM2, Mortg. Pass-Through Certificates, Series 2007-FM2*, 731 F. App'x. 302, 307 (5th Cir. 2018) ("[b]ecause the [monthly] statements sought less than the accelerated balance of the loan and would permit the Sextons to cure their default by providing sufficient payment to bring the note current under its original terms, the statements can show abandonment under our precedent.") (internal quotations omitted); *Clawson v. Ocwen Loan Servicing, LLC*, No. 3:18-CV-00080, 2019 WL 1141526, at *3 (S.D. Tex. Feb. 21, 2019) (citing to doc. 18 at 5 (citing to doc. 1-1 at 144-145)) (mortgage statements requesting only the past-due amounts and not the full balance of the accelerated loan reset the statute of limitations for foreclosure). The summary judgment evidence proves this is exactly what Carrington did. Ms. Haenelt has not put forth any evidence or authority supporting a contrary conclusion.

**C. Ms. Haenelt was not entitled to a new default notice.**

Ms. Haenelt claims entitlement to a new default notice prior to the 2016 acceleration. (*See* dkt. 27 ¶ 12.) She points to Fifth Circuit authority holding once an acceleration has been abandoned, any subsequent foreclosure action must be preceded by a new notice of default and intent to accelerate. *See Wilmington Tr., N.A. v. Rob*, 891 F.3d 174, 177 (5th Cir. 2018) (making an *Erie* guess Texas Supreme Court would require new notice of default and intent to accelerate after rescission or abandonment of acceleration). "But this authority only serves to call into question the propriety of the expedited foreclosure applications, which is not an issue before us."

*Florey v. U.S. Bank Nat'l Assoc., Trustee for RMAC Tr., Series 2016-CCT*, No. 05-20-00306-CV, 2021 WL 2525457, at *5 (Tex. App.—Dallas June 21, 2021, pet. filed). And there was no need to provide a new default notice because Ms. Haenelt does not dispute she breached the repayment plan agreement's terms by failing to make the five consecutive monthly payments and agreed "if you breach the terms of this Agreement any pending foreclosure action or proceeding that has been suspended may be resumed and a new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will not be necessary to continue the foreclosure action." (Ex. A-9, repayment plan.)

## II. CONCLUSION

Carrington timely abandoned or rescinded all prior accelerations. Ms. Haenelt fails to submit any summary judgment evidence or authority supporting a contrary conclusion. The court should enter summary judgment Ms. Haenelt take nothing on her claims.

| | |
|---|---|
| Date: December 3, 2021 | Respectfully submitted, |

                                   */s/ Walter McInnis*
                                  C. Charles Townsend
                                  SBN: 24028053, FBN: 1018722
                                  charles.townsend@akerman.com
                                  Walter McInnis
                                  SBN: 24046394, FBN: 588724
                                  walter.mcinnis@akerman.com
                                   --*Attorney in Charge*
                                  Taylor D. Hennington
                                  SBN: 24116508, FBN: 3597797
                                  taylor.hennington@akerman.com
                                  AKERMAN LLP
                                  2001 Ross Avenue, Suite 3600
                                  Dallas, Texas 75201
                                  Telephone: 214.720.4300
                                  Facsimile:  214.981.9339

                                  **ATTORNEYS FOR DEFENDANT**
                                  **CARRINGTON MORTGAGE**
                                  **SERVICES, LLC**

## CERTIFICATE OF SERVICE

      I certify I served this document on December 3, 2021 as follows:

**VIA ECF**
Ricardo Guerra, Eric Days, Brent Smith
2211 Rayford Road Ste. 111, Suite 134
Spring, Texas 77386
*Attorneys for plaintiff*

                                   */s/Walter McInnis*
                                  Walter McInnis