United States District Court
Southern District of Texas
**ENTERED**
January 18, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA HAENELT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 4:20-CV-02650 |
| CARRINGTON MORTGAGE SERVICES, LLC, | § § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Carrington Mortgage Services, LLC's ("Carrington" or "Defendant") Motion for Summary Judgment. (Doc. No. 23). Plaintiff Pamela Haenelt ("Haenelt" or "Plaintiff") has responded (Doc. No. 27), and Defendant replied (Doc. No. 28). Having reviewed the briefing and the applicable law, this Court **GRANTS** Defendant's Motion for Summary Judgment (Doc. No. 23).

### I. Background

On February 24, 2006, Pamela Haenelt obtained two loans from Universal American Mortgage Company, LLC ("Universal American") to purchase the underlying property at 14 Sprite Woods Place in The Woodlands. The first loan was for $194,600. (Doc. No. 23-1, at 12–13). The second loan was for $48,650. (Doc. No. 6, at 38–39).

Each loan was secured by a Deed of Trust under which Mortgage Electronic Registration Systems, Inc. ("MERS") was named a beneficiary and acted "solely as a nominee for [Universal American] and [Universal American's] successors and assigns." (Doc. No. 23-1, at 13; Doc. No. 6, at 38). MERS released its Deed of Trust on the second loan in December 2012. (Doc. No. 6, at 50). On October 10, 2014, through an agreement signed by MERS's assistant secretary, MERS

assigned its interest in the first Deed of Trust to Wells Fargo Bank, N.A. as trustee for Carrington Mortgage Loan Trust, Series 2006-NC2 Asset-Backed Pass-Through Certificates. (Doc. No. 6, at 53).

Defendant Carrington services the loan. (Doc. No. 23-1, at 69). On October 30, 2014, Carrington filed a Notice of Substitute Trustee's Sale in the Montgomery County, Texas real property records. (Doc. No. 23-1, at 77–78). The foreclosure, however, did not occur, because Carrington apparently canceled the sale after approving Ms. Haenelt for a 6-month repayment plan—a plan with which she failed to comply. (Doc. No. 23-1, at 70).

Again, on May 28, 2020, Carrington filed a Notice of Substitute Trustee's Sale. (Doc. No. 1-2, at 27–28). Haenelt filed this action in Texas state court in Montgomery County on July 6, 2020 to enjoin foreclosure of her property. (Doc. No. 1-2). She sought to quiet title as well as a declaratory judgment that the statute of limitations in exercising the power of sale in the Deed of Trust had expired prior to Defendant's Notice of Substitute Trustee's Sale executed on May 28, 2020. Defendants timely removed this action to this Court on the basis of diversity of citizenship. (Doc. No. 1).

In a prior Order (Doc. No. 11), this Court granted in part Defendant's motion to dismiss under Rule 12(c) but granted Haenelt leave to file an amended pleading. She subsequently filed an amended complaint (Doc. No. 13) and later a second amended complaint (Doc. No. 22). Carrington then filed a motion for summary judgment (Doc. No. 23), to which Plaintiff responded (Doc. No. 27). Defendant subsequently replied. (Doc. No. 28).

## II. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

### III. Analysis

Carrington moves for summary judgment on Haenelt's declaratory judgment claim on the basis that the limitations period to foreclose has not expired.

Under the Texas Property Code, "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." Tex. Prop. Code § 16.035(b). "When this four-year period expires, the real-property lien and the power of sale to enforce the lien become void." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001). "If a note or deed of trust secured by real property contains an optional acceleration clause," then "the action accrues only when the holder actually exercises its option to accelerate." *Id.* at 566. "Effective acceleration

3

requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration. Both notices must be 'clear and unequivocal.'" *Id.* (quoting *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890, 893 (Tex. 1991)).

Plaintiff contends that Carrington accelerated the Note prior to the Notice of Substitute Trustee Sale that was filed October 30, 2014. (Doc. No. 27, at 2–3). She claims the statute of limitations began to run on that date, and that four years had elapsed prior to Carrington's May 28, 2020 Notice of Substitute Trustee's Sale. Therefore, according to Haenelt, any right of foreclosure is barred by the statute of limitations.

Carrington moves for summary judgment on the basis that it abandoned any such acceleration before the limitations period expired. (Doc. No. 23, at 8). "Even when a noteholder has accelerated a note upon default, the holder can abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity." *Holy Cross Church*, 44 S.W.3d at 566–67. Specifically, Carrington points to monthly statements it sent Haenelt seeking less than the accelerated amount. (Doc. No. 23-1, at 79–80). These November 2014 and December 2014 statements showed an amount due of $17,684.40 and $19,688.55, respectively—both less than the $214,407.50 in principal outstanding on the loan. *Id.* These statements, Carrington contends, reset the limitations period.

In response, Haenelt appears to take the position that Carrington failed to abandon the 2014 acceleration because in "2020, they provided Plaintiff with actual notice of intent to abandon acceleration," thus "creating a further question of fact regarding whether they actually intended to abandon acceleration or did abandon acceleration by and through their monthly statements." (Doc. No. 27, at 3).

4

Haenelt's argument misses the mark. The Fifth Circuit has held that "a lender may unilaterally abandon acceleration of a note" in the manner Carrington did here: "by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms." *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015). Monthly statements may provide such notice where, as here, "the amount listed as due on each was less than the balance of the loan shown on each." *Sexton v. Deutsche Bank Nat'l Tr. Co.*, 731 F. App'x 302, 307 (5th Cir. 2018) (per curiam). That Carrington later sent a rescission letter is immaterial, considering that Carrington had already "put the debtor on notice of its abandonment of acceleration by requesting payment on less than the full amount of the loan." *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015) (per curiam). Defendant is therefore entitled to summary judgment as a matter of law on Plaintiff's declaratory judgment claim.

Haenelt's response additionally asserts that "a question of fact remains regarding whether Defendant validly accelerated in 2016" by serving her with a notice of acceleration on May 12, 2016. (Doc. No. 27, at 3). Plaintiff claims she was entitled to receive a new notice of intent and notice of acceleration. *Id.* It is unclear to the Court, however, how this relates to any of her claims as pled in the operative complaint (Doc. No. 22). Whether Haenelt was entitled to new notice of intent to accelerate in 2016 is irrelevant to whether the statute of limitations in exercising the Power of Sale had expired, which is the basis of Plaintiff's declaratory judgment claim and accompanying quiet title claim. Even if correct, Plaintiff has not pleaded a cause of action based upon this alleged omission. (Doc. No. 22, at 7). As a general rule, "[a] claim which is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the

5

court." *Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Therefore, Plaintiff's statements regarding the 2016 acceleration are irrelevant.

Defendant further moves for summary judgment on Haenelt's quiet title claim. Because Haenelt makes no attempt to address this issue in her response, the claim is forfeited. *See Salek v. SunTrust Mortg., Inc.*, 812 F. App'x 171, 175 (5th Cir. 2020) (per curiam) (failure to raise argument in summary judgment response constitutes forfeiture).

### IV. Conclusion

Based on the foregoing reasons, the Court **GRANTS** Defendant's motion for summary judgment as to all of Plaintiff's claims. Accordingly, Plaintiff's claims are hereby dismissed with prejudice.

Signed at Houston, Texas, this 18th day of January, 2022.

Andrew S. Hanen
United States District Judge

6